Mitchell v. Hawkins.

---

WILLIAM MITCHELL, APPELLEE, V. WILLIAM L. HAWKINS
ET AL., APPELLANTS.

FILED JULY 19, 1922. No. 21992.

Boundaries.  Original monuments established during a government survey, when properly identified, control courses and distances.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Burton & Reddish,* for appellants.

*Mitchell & Gantz, contra.*

Heard before MORRISSEY, C. J., DEAN, ALDRICH and DAY, JJ.

DAY, J.

This is a suit to quiet in plaintiff his title to the east one-half of the southwest one-fourth of section 30 and the east one-half of the northwest one-fourth and the northeast one-fourth of section 31, township 26 north, range 48 west of the sixth P. M., Box Butte county, Nebraska.

Plaintiff owns the land described and has title thereto through mesne conveyances from the patentees. The plea of defendants is that they pre-empted and now own and occupy a tier of lots in and along the west side of the sections described and that plaintiff is asserting title thereto. The sections are practically three-fourths of a mile wide, east and west, and there is therefore a shortage in area of one-fourth the usual width. The title of plaintiff covers land extending west to the section line. The title of defendants purports to cover a tier of lots along the west side of the sections. In other words, the titles of both parties presuppose sections a mile wide, while in fact the width is only three-fourths of a mile. Plaintiff's patents were issued long before the patent of defendants, and he contends that his land, according to the original government surveys, as shown by proved government monuments at section corners and at quarter-section corners, extends to the western boundaries of the sections, and that therefore there was no land therein for defendants to acquire by pre-emption. The issues between the parties were raised by formal pleas, each side praying for affirmative relief. Testimony was taken at great length, and the findings of the trial court were in favor of plaintiff. The decree contains a plat minutely describing the boundaries of plaintiff's land according to the original government survey, and quieting his title and decreeing that defendants have no land in the sections described. Defendants have appealed.

The question presented by the appeal is one of fact only. A careful review of the record shows a clear preponderance of the evidence in favor of plaintiff. The evidence shows that witnesses for plaintiff identified government section corners and government quarter-section corners on his boundary lines with such particularity and accuracy as to convince us that his patents included the land as far west as the west line of the sections, and that consequently there was no land left in them for defendants to acquire by pre-emption when they procured their patent

from the government.   The judgment of the district court
is therefore

AFFIRMED.